# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JERMAIN D. LEWIS,
ADC #161312                                                                                         PLAINTIFF

V.                          CASE NO. 5:17-CV-00181 BSM/BD

CAROLYN CHISOM, et al.                                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.    Background:**

Plaintiff Jermain D. Lewis, an inmate at the Delta Regional Unit of the Arkansas Department of Correction ("ADC"), filed this case without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #1) Mr. Lewis included a number of unrelated and factually unsupported claims in his complaint. (#2) Mr. Lewis was given an opportunity to amend

1

the complaint and cure the deficiencies. (#5) He has now filed an amended complaint. (#7)

### III.  Discussion:

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that are legally frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from paying damages. 28 U.S.C. § 1915A(b).

In his amended complaint, Mr. Lewis chose to proceed with his claims that Defendants Chisom and Norris were deliberately indifferent to his medical needs on June 23, 2017. (#7) See *In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir. 2000)(It is well settled that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.). The Court warned Mr. Lewis that he would have to provide facts to support his claims. He was specifically warned that if he pursued deliberate-indifference claims, he would have to state why he needed medical treatment and describe how he was injured as a result of any lack of, or delay in, medical treatment. (#5) See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("labels and conclusions" and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; prisoners must state facts stating a claim that is plausible on its face).

In his amended complaint, Mr. Lewis wrote that he needed medical treatment and that he did not receive it. (#7) He did not explain why he needed medical treatment or how the lack of medical treatment caused him harm. (#7) Unfortunately, Mr. Lewis has not included facts to support deliberate-indifference claims.

## IV. <u>Conclusion</u>:

The Court recommends that Mr. Lewis's claims against the Defendants be DISMISSED, without prejudice, for failure to state a federal claim for relief. Further, this dismissal should count as a "strike" for purposes of the PLRA. 42 U.S.C. § 1997e.

DATED this 30th day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE